## MOORE v. MOORE.

(First Division. Skagway. October, 1901.)

No. 1,033.

1. TRUSTS—CONTRACTS—FRAUD.

The trustee in this case, in dealing with the trust property, demanded and obtained a certain six-acre tract of the property to be reserved for and conveyed to him before he would sign necessary contracts of settlement with third parties for the cestui que trust. *Held*, that his act was wrongful, and the conveyance void.

On the 21st day of February, 1901, the complainant, William Moore, filed his complaint in this court on the

1 A.R.—15

equity side thereof against J. Bernard Moore, alleging that the said William Moore is the father of the defendant, J. Bernard Moore; that during the year 1886 the complainant and the defendant, acting together for their mutual welfare, benefit, and profit, pre-empted and located a certain tract of land, containing in all about 160 acres, situate, lying, and being at the head of Lynn canal or inlet, in the District of Alaska, which said land is now known and described and embraced in United States survey No. 13 of the Sitka, Alaska, land district; that the plaintiff and defendant contributed their work and labor for the development of the said tract of land; that the same was located, pre-empted, and held for manufacturing, commercial, and trading purposes; that for convenience it was mutually understood and agreed by and between the plaintiff and defendant that the land so located should be located and held in the name of J. Bernard Moore, the defendant, for the joint benefit and the joint use of the said J. Bernard Moore and the complainant; that the said land, by reason of certain trails that were discovered and laid out across the divide to the headwaters of the Yukon river from said tract of land, became of great value, and the town of Skagway was located and built upon the greater portion of said tract; that long prior to the building of said town or its location the complainant, by reason of his thorough knowledge of the country, and in anticipation of the commercial value of the said location, expended large sums of money in the construction and building of wharves, sawmills, etc., the establishment of trading posts, and in making other improvements, in all respects fully complying with the law in relation to the location and holding of land for those purposes in the District of Alaska; that the said defendant, J. Bernard Moore, in whose name said tract was located, the son of plaintiff as aforesaid, and who held the same in trust for the joint use and benefit of himself and the complainant,

aided and assisted the complainant in developing and improving said property; that, after the said tract of land became particularly valuable for town-site purposes, the parties, acting together for their mutual welfare and benefit, sold, assigned, and conveyed to the Alaskan & Northwestern Territories Trading Company a portion of their interest in said trust, except certain portions reserved in said conveyance to the parties jointly.

It is further alleged that the consideration for the sale of said property to said company, according to said mutual agreement, was to be divided between the parties, share and share alike. The matters above referred to and stated are all admitted by the defendant.

It is further alleged in said complaint that there was reserved to the said J. Bernard Moore, the defendant above named, a certain tract or parcel of said land, being about six acres in all, which was then inclosed and occupied by said defendant, and which is in said complaint described by metes and bounds; that the complainant then became, and ever since has been, and now is, the owner of the one-half interest in and to the said land (meaning the six-acre tract); that there was a settlement of all matters growing out of the said sale, by the terms of which the complainant was to hold for his own benefit and right a certain lot, 50 by 100 feet, in the town of Skagway, and that the said J. Bernard Moore was to hold, in his own right and for his own benefit, a certain piece or parcel of said land out of said tract which was reserved to the said J. Bernard Moore and the complainant in the contract of sale to the said Alaskan & Northwestern Territories Trading Company. It is admitted that the complainant was to have the town lot, 50 by 100 feet, situated at the corner of Fifth avenue and State street, in the town of Skagway; but it is denied by the defendant, J. Bernard Moore, that the complainant was to have any portion of the said six-acre

tract, it being claimed by the said defendant that the said tract was reserved as his own, and that it now belongs to him, save and except a certain lot conveyed to his wife, and a certain lot, 143 by 120 feet, conveyed by him to the complainant, which said land adjoins what is known as the "McCabe College Ground." It is then alleged that certain contracts that were made by these parties and signed by the complainant were signed by him against his will, and without knowledge of what they contained, and that he was persuaded and induced to sign the same, and that these contracts were inequitable, etc.; all of which is denied by the defendant, J. Bernard Moore.

The defendant, by way of cross-bill, sets up a claim to all of the six-acre tract, alleges that the complainant claims some right or interest therein, and prays that his title be quieted by a decree of the court.

The complainant, in his bill, prays that the defendant, J. Bernard Moore, be ordered to make, execute, and deliver to the complainant a good and sufficient deed of conveyance conveying to him the said tract of land claimed, viz., one-half of the six-acre tract, less what has already been conveyed by said defendant, and that he have his costs in this behalf expended, and he also prays for an accounting of certain moneys.

Crews & Hellenthal, for plaintiff.

R. W. Jennings, for defendant.

BROWN, District Judge. It will be seen at a glance that the entire controversy between these parties grows out of their rival claims to a portion of the six-acre tract, and the proceeds thereof, that may be in the hands of J. Bernard Moore. The question presented is neither unusual nor difficult of adjustment. It is admitted by the pleadings that this

land was located and held in the name of J. Bernard Moore, in trust for the mutual benefit of himself and his father, the complainant in this case; and this single admission, in my opinion, covers and controls the whole controversy between the parties.

It is contended by defendant's counsel that, while this land was held in trust by J. Bernard Moore, the father and son were practically copartners, and it was held for the benefit of the copartnership.

Real estate is rarely, if ever, held in the name of a copartnership, but is held in the name of the individuals, or some one or more of them, belonging to the copartnership, for the benefit of the copartnership. Admitting that the present case is one of that character, it would not change the relation of trust existing between the parties to this action, and the requirements of the law that the trustee shall deal with his cestui que trust on terms of absolute and unquestioned fairness. Indeed, contracts entered into between the trustee and cestui que trust are always subject to criticism, and, if made under circumstances indicating a disposition on the part of the trustee to secure some special advantage to himself at the expense of the cestui que trust, such contracts are always annulled by the court on a proper showing by the cestui que trust. A trustee is never permitted to obtain an advantage by reason of the relation he sustains to trust property in dealing with the same.

I may say here that there is no evidence in this case from first to last indicating in the slightest degree that the defendant, J. Bernard Moore, made any misrepresentations to his father, William Moore, the complainant, whereby complainant was induced to sign the several contracts that have been offered in evidence in this case, for the purpose of showing a full and entire settlement between the parties; but it is evident that the complainant in this case, at the time

of executing the several contracts, was under constraint, and executed the same to save himself and son, perhaps, from long and expensive litigation and great loss in the management of their wharf business in connection with the Alaskan & Northwestern Territories Trading Company, the corporation that had become interested with them in their enterprise.

It will be remembered that the contract referred to was a settlement between said corporation and these parties; that it was a matter of grave importance to both that the affair should be settled, and the contention existing between said corporation and themselves ended and adjusted, in order to avoid loss and expensive litigation, as before stated. In the evidence in this case the defendant testifies that he always intended to reserve the five or six acre tract for his own individual use; and he further states that he would have never signed the contract which settled the controversy existing between him and his father and said corporation unless by the terms thereof he was made secure in the entire six-acre tract for his own use and benefit. Mr. Jennings, who is now the attorney for the defendant in this case, and then the attorney for both parties, testifies that it was perfectly understood by the complainant, William Moore, that J. Bernard Moore was to have, by the terms of that contract, the six-acre tract of land for his own use and benefit; that it was not only so understood by the complainant, but that the defendant, J. Bernard Moore, would not have signed said contract had not this concession been made to him. Thus it appears, by the testimony furnished by the defendant himself, that no settlement could have been made with the corporation at that time, and no adjustment of the complicated affairs that seemed to exist between these parties and the corporation could have been reached, had not the complainant yielded to the demand of the trustee, and allowed, by the terms of the contract, the five or six acre tract of land to be

so reserved to him. I say "the complicated transactions existing between these parties and the corporation" because of what appears by the contracts offered in evidence and the testimony relating to them, viz., that not only were attorneys Heid and Delaney employed to secure this adjustment and settlement, but Mr. Jennings was employed by the parties to the said suit jointly, as against the common enemy in the controversy, the Alaskan & Northwestern Territories Trading Company, to aid them in securing a proper settlement.

It is developed in the testimony that Capt. William Moore, the complainant, was at the time of this transaction a strong, vigorous man intellectually, and, as Mr. Heid describes him, one of the most "far-seeing" men he had ever known. The evidence in the case corresponds with my observation of Mr. Moore in court, from which the conclusion is imperative that he is in no sense a weakling, but a man of vigorous intellectuality and great determination. It is fair, I think, to assume, from the circumstances then surrounding the parties, that the complainant acceded to the demands of this trustee, J. Bernard Moore, as to the six-acre tract of land, in order to obtain a settlement with the corporation, which he deemed exceedingly important—nay, necessary—to his own welfare and that of his son, and that the trustee, J. Bernard Moore, took an unwarranted advantage of his cestui que trust, and practically coerced him, when, by the terms of said contract, he demanded that the six-acre tract should be set aside to his own use, and that the other party, who was equally interested in all the land, should be deprived of any interest therein whatsoever, and that without consideration. Indeed, it is admitted, even by the pleadings in the case, that the great experience of the complainant and his knowledge of the country from Lynn Canal across the divide to the headwaters of the Yukon, and his great energy in push-

ing a trail through this country, were the beginning of what afterwards resulted in a small fortune to both himself and his son. That the son had the advantage of the age and experience of the father, and the benefit of his superior knowledge and energy in this enterprise, is evident. That he should be permitted to retain to himself any more than a just or equal proportion of the benefits of the enterprise is, in the opinion of the court, inequitable and unjust. That J. Bernard Moore should have land set aside to himself of equal value with the lot, 50 by 100 feet, that was set aside to the complainant at the corner of Fifth avenue and State street, is just and proper.

It is claimed that the lot set aside to William Moore was worth about $1,700; that a lot of the same size where J. Bernard Moore lives was worth about $800 or $900. Giving every advantage to J. Bernard Moore that could possibly be claimed, a lot or parcel of land where he lives, 150 by 150 feet, would be fully equal in value to the land reserved to the use of the complainant in this case. Being equally interested in the enterprise, and without reference to any contributions in money that had been made by either or both of the parties—and no testimony was offered on this question—they are entitled to an equal division of all the land. After giving the complainant the lot at the corner of Fifth avenue and State street, and J. Bernard Moore 150 by 150 feet face at the point where he lives, the remainder of the six-acre tract should have been divided equally between the complainant and the defendant.

It is the judgment of this court that such division must be made, and that all contracts looking to a different adjustment must be held as without consideration, and for this reason, and the coercive circumstances under which the contract was signed, it is held of no effect and void as to this particular matter.